1 TYLER R. DOWDALL, State Bar No. 258950
**TARTER KRINSKY & DROGIN LLP**
2 2029 Century Park East, Suite 400N
Los Angeles, California 90067-2512
3 Telephone:   (424) 330-8580
Facsimile:    (315) 512-1465
4 E-Mail:       *tdowdall@tarterkrinsky.com*

5 Attorneys for Plaintiff Point B, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POINT B, INC, <br><br>           Plaintiff, <br><br>    v. <br><br> TWITTER, INC., and Does 1 – 20, inclusive, <br><br>           Defendants. | CASE NO. <br><br>**COMPLAINT FOR:** <br><br>   **(1) BREACH OF CONTRACT; AND** <br><br>   **(2) ACCOUNT STATED** <br><br> **DEMAND FOR JURY TRIAL** |

*COMPLAINT*

Plaintiff Point B, Inc. brings this Complaint against Defendant Twitter, Inc. and states as follows:

## I.
## **INTRODUCTION**

24. This is an action for breach of contract and common counts.

25. Plaintiff, Point B, Inc. ("Point B") brings this complaint against Twitter, Inc. ("Twitter") for actual damages due to Twitter's failure and refusal to pay certain invoices incurred for Point B's services rendered.

## II.
## **PARTIES**

3. Plaintiff, Point B, Inc. ("Point B") is a global consulting firm duly organized and in good standing under the laws of the State of Washington, with its principal place of business located at 1420 Fifth Avenue, Suite 2200, Seattle, WA 98101.

4. Defendant Twitter, Inc. ("Twitter") is, and at all times mentioned in this Complaint, a company headquartered in San Francisco California, with a principal place of business located at 1355 Market Street, 9th Floor, San Francisco, CA 94103.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Doe 1 through Doe 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and are liable for payment to Plaintiff.

## III.
## **JURISDICTION AND VENUE**

6. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a), as this case involves an amount at issue greater than seventy-five thousand dollars ($75,000) and complete diversity exists between the parties.

7. Venue is proper in this Court because the acts alleged in this Complaint

occurred in San Francisco, Twitter resides and does business in San Francisco, the underlying contract contains a venue provision for any action to be brought within the Northern District of California, and maintenance of this action does not offend traditional notions of fair play and substantial justice.

## III.

## FACTUAL ALLEGATIONS

8.  Point B is a management consulting firm that specializes in helping organizations navigate a variety of complex business challenges.

9.  Twitter is a social media company providing a global platform for users to interact in real-time by allowing them to send and respond to texts, images, and videos known as "tweets."

10. Twitter's Service Tech Team ("TwST") sought to improve the quality and effectiveness of their services, specifically with respect to Twitter's work from home policy. As such, it engaged the services of Point B so that Point B could provide business system analysts in the United States and India to work on various Twitter initiatives.

11. On or about April 8, 2019, Point B and Twitter executed a Master Services Agreement ("MSA"), a copy of which is attached hereto and incorporated herein as Exhibit 1, under the terms of which Point B agreed to provide various services to Twitter as outlined in statement of work agreements.

12. In furtherance of performing under the MSA, the parties executed a number of statements of work, including a fifth Statement of Work ("SOW") agreement, effective June 15, 2021. Pursuant to the SOW, Point B agreed to provide business systems analysts in the U.S. and India to work on various initiatives for Twitter with respect to its work from home policy, including: (1) writing business problem statements; (2) translating requirements between business and engineering teams; (3) working to define technical specs from business requirements; and (4) validating that technical development addresses business needs and satisfies requirements.

13. Under the SOW, Twitter was invoiced for Point B's services in accordance

with a predetermined payment schedule. Fees for the Business Systems Analysts in San Francisco incurred an estimated fee of $336,000 for a span of twelve (12) months. The Business Systems Analyst Team in India incurred an approximate fee of $138,950 for a twelve (12) month period.

14. The SOW explicitly states that payments for invoices are due forty-five (45) days from the invoice date.

15. The SOW was effective June 15, 2021, and the services period was set from June 21, 2021, through May 31, 2022.

16. On or about January 1, 2022, the parties executed "Amendment #1 to Statement of Work #5" ("SOW Amendment"). The SOW Amendment extended the services period term to December 31, 2022 ("Full Services Period"), and redefined the "Payment" terms and schedule of the original SOW.

17. Under the SOW Amendment, the estimated total for Business Systems Analysts in San Francisco for the Full Services Period increased to $532,000. The estimated total for the Business Systems Analyst Team in India for the Full Services Period increased to $243,162.50.

18. The parties also added a $5,000 "Point B Invoice Service Fee" and a $6,000 "Late Shift Fee for India Team" for the Full Services Period as well.

19. Under the SOW Amendment, the new estimated total for Point B's services for the Full Services Period was $786,162.50, and the parties agreed that the total fees billed to Twitter would not exceed that amount without Twitter's prior written approval.

20. As with the original SOW, the SOW Amendment also required payments forty-five (45) days from the invoice date.

21. Under all operative agreements herein, including the MSA, the SOW, and the SOW Amendment, Point B has performed all required acts, services, and conditions required of it.

22. Point B properly remitted invoices to Twitter in a timely manner, as outlined in the operative agreements. True and correct copies of the invoices reflecting all amounts

billed to Twitter under the SOW and SOW Amendment are attached hereto as Exhibit 2.

23. Despite benefitting from Point B's services under the MSA, SOW, and SOW Amendment, and being contractually bound to pay all invoices within forty-five (45) days of receipt, Twitter has failed to fulfill its contractual obligation to pay Point B. Twitter did not contest or challenge any of the invoices and has not provided any basis for its refusal and failure to perform its contractual obligations. Accordingly, Twitter has incurred a total principal debt due and owing in the amount of $190,342.50.

24. Point B has demanded payment from Twitter in the amount of $190,342.50, but Twitter has not paid any part of that sum.

## IV.
## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### (Against Twitter and DOES 1-10)

25. Plaintiff repeats, repleads, and realleges each and every allegation set forth in paragraphs 1 through 23, inclusive, of this Complaint, as if fully set forth herein.

26. Point B and Twitter executed multiple valid and binding contracts, including but not limited to the MSA, the SOW, and the SOW Amendment.

27. Each agreement sets forth certain contractual expectations and obligations for the parties. Specifically, the parties agreed that Point B would provide certain services in exchange for payment from Twitter.

28. Point B has satisfied its obligations under the MSA, SOW, and SOW Amendment by providing Business Systems Analysts in San Francisco and India to assist Twitter in improving its operations.

29. Twitter has failed to remit payments for the services rendered by Point B, which constitutes a material breach of the Parties' agreements.

30. Point B has made numerous demands for payment, both verbally and in writing, but Twitter has willfully and intentionally failed and refused to remit the outstanding

amount of $190,342.50 owed to Point B pursuant to the timely and proper invoices attached hereto as Exhibit 2.

31. As a result of Twitter's breach, Point B has suffered substantial financial harm, including the loss of revenue and costs associated with collection efforts.

## SECOND CAUSE OF ACTION

### ACCOUNT STATED
**(Against Twitter and DOES 11-20)**

32. Plaintiff repeats, repleads, and realleges each and every allegation set forth in paragraphs 1 through 30, inclusive, of this Complaint, as if fully set forth herein.

33. Between June 15, 2021, and February 14, 2023, under the terms of the MSA, SOW, and SOW Amendment, Twitter became indebted to Point B in the sum of $190,342.50 for services rendered.

34. Twitter was invoiced for all amounts due and owing, as detailed in the invoices attached hereto as Exhibit 2. Twitter did not contest any of the invoices within the contracted-for time period, nor at any time thereafter, thereby conceding and admitting that the sum of $190,342.50 is the correct amount due and owing to Point B.

35. Under the terms of the MSA, SOW, and SOW Amendment Twitter agreed to pay all amounts invoiced, including the $190,342.50 at issue here.

36. Point B has demanded that Twitter pay the amount owing but Twitter has failed and refused, and continues to fail and refuse, to pay the $190,342.50 due and owing.

## V.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Damages in an amount subject to proof at trial but no less than $190,342.50, together with pre-judgment interest according to law;

B. Attorneys' fees pursuant to contract;

C. Costs of suit; and

D. For such other and further relief as may be just and proper.

DATED: June 14, 2023        TARTER KRINSKY & DROGIN LLP

By: _____*/s/ Tyler R. Dowdall*_____
   TYLER R. DOWDALL
   Attorneys for Plaintiff Point B, Inc.

TARTER KRINSKY & DROGIN, LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465