J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for X CORP., as successor in interest to named Defendant Twitter, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POINT B, INC, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., and Does 1 – 20, inclusive, <br><br> Defendants. | Case No. 3:23-cv-02934-TSH <br><br> **ANSWER TO COMPLAINT** |

X Corp., as successor in interest to named defendant Twitter, Inc. ("Twitter"), hereby answers the "Complaint" filed by plaintiff Point B, Inc, ("Plaintiff" or "Point B").  Twitter denies any allegation not expressly and unequivocally admitted.

As to the initial, unnumbered paragraph in the Complaint, Twitter admits that Plaintiff filed the Complaint asserting claims against Twitter.  Twitter denies the remaining allegations, whether express or implied, in that unnumbered paragraph of the Complaint.

## INTRODUCTION

1. Twitter admits that Plaintiff's Complaint alleges claims for breach of contract and an account stated.  Twitter denies all remaining allegations, whether express or implied, in the first paragraph, incorrectly numbered 24, of the Complaint.

2. Twitter admits that Plaintiff's Complaint alleges Twitter failed to pay certain invoices from Plaintiff.  Twitter denies all remaining allegations, whether express or implied, in the second paragraph, incorrectly numbered 25, of the Complaint.

## PARTIES

3. Twitter lacks information or belief sufficient to answer the allegations in paragraph 3 of the Complaint regarding Plaintiff as a corporate entity, and, on that basis, denies them.

4. Twitter admits that Twitter, Inc. was a corporation incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.  Twitter admits that X Corp. is successor in interest to Twitter, Inc., is incorporated under the laws of the State of Nevada with headquarters in San Francisco, California, and operates the Twitter service. Twitter denies all remaining allegations, whether express or implied, in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent any response is required, Twitter denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Twitter admits the Court has subject matter jurisdiction over this action. Twitter

- 1 -

1  further admits that the Court has personal jurisdiction over it for this case because Twitter
2  conducts business and is headquartered in San Francisco.

3        7.     Twitter admits venue is proper in this District because Twitter conducts business
4  and is headquartered in San Francisco.  Twitter states that the remaining allegations in
5  paragraph 7 of the Complaint refer to the Master Services Agreement ("MSA"), dated April 8,
6  2019, that speaks for itself, and refers to that document for a complete description of its
7  content.  Twitter denies those allegations in paragraph 7 to the extent they do not fully and
8  accurately reflect the same.

9  **FACTUAL ALLEGATIONS**

10        8.     Twitter lacks information or belief sufficient to answer the allegations in
11  paragraph 8 of the Complaint, and, on that basis, denies them.

12        9.     Twitter admits that it operates the Twitter service.  The allegations in paragraph 9
13  of the Complaint merely characterize the Twitter service, to which no response is required.

14        10.    Twitter admits that it engaged Point B pursuant to the terms set forth in the MSA
15  and the Statement of Work No. 5, effective June 15, 2021 ("SOW #5"), as amended effective
16  January 1, 2022 ("Amendment to SOW #5").  Twitter states that the remaining allegations in
17  paragraph 10 of the Complaint refer to the MSA, SOW #5, and Amendment to SOW #5,  and
18  the description of services contemplated thereunder.  No response to those allegations is
19  required, as those documents speak for themselves and Twitter refers to those documents for a
20  complete description of their contents.  Twitter denies those allegations in paragraph 10 to the
21  extent they do not fully and accurately reflect the same.

22        11.    Twitter admits that it engaged Point B pursuant to the terms set forth in the MSA,
23  SOW #5, and Amendment to SOW #5,  and the description of services contemplated
24  thereunder.  No response to those allegations is required, as those documents speak for
25  themselves and Twitter refers to those documents for a complete description of their contents.
26  Twitter denies those allegations in paragraph 11 to the extent they do not fully and accurately
27  reflect the same.

28        12.    Twitter admits that it engaged Point B pursuant to the terms set forth in the MSA,

1  SOW #5, and Amendment to SOW #5, and the description of services contemplated
2  thereunder. No response to those allegations is required, as those documents speak for
3  themselves and Twitter refers to those documents for a complete description of their contents.
4  Twitter denies those allegations in paragraph 12 to the extent they do not fully and accurately
5  reflect the same.

6      13.    Twitter admits that Plaintiff alleges it sent Twitter Invoice Nos. SIN030103 in
7  the amount of $50,342.50 (dated May 31, 2022), SIN031735 in the amount of $28,000 (dated
8  August 31, 2022), SIN032240 in the amount of $28,000 (dated September 30, 2022),
9  SIN032570 in the amount of $28,000 (dated October 31, 2022), SIN033458 in the amount of
10 $28,000 (dated November 30, 2022), and SIN 034100 in the amount of $28,000 (dated
11 December 31, 2022), which are attached to the Complaint as Exhibit 2 (Dkt. 1-2). Twitter
12 denies all remaining allegations, whether express or implied, in paragraph 13 of the Complaint.

13     14.    The allegations in paragraph 14 of the Complaint merely characterize SOW #5,
14 to which no response is required. That document speaks for itself, and Twitter refers to that
15 document for a complete description of its content. Twitter denies those allegations in
16 paragraph 14 to the extent they do not fully and accurately reflect the same.

17     15.    The allegations in paragraph 15 of the Complaint merely characterize SOW #5,
18 to which no response is required. That document speaks for itself, and Twitter refers to that
19 document for a complete description of its content. Twitter denies those allegations in
20 paragraph 15 to the extent they do not fully and accurately reflect the same.

21     16.    The allegations in paragraph 16 of the Complaint merely characterize
22 Amendment to SOW #5, to which no response is required. That document speaks for itself, and
23 Twitter refers to that document for a complete description of its content. Twitter denies those
24 allegations in paragraph 16 to the extent they do not fully and accurately reflect the same.

25     17.    The allegations in paragraph 17 of the Complaint merely characterize
26 Amendment to SOW #5, to which no response is required. That document speaks for itself, and
27 Twitter refers to that document for a complete description of its content. Twitter denies those
28 allegations in paragraph 17 to the extent they do not fully and accurately reflect the same.

1        18.     The allegations in paragraph 18 of the Complaint merely characterize Amendment to SOW #5, to which no response is required. That document speaks for itself, and Twitter refers to that document for a complete description of its content. Twitter denies those allegations in paragraph 18 to the extent they do not fully and accurately reflect the same, including to the extent those are reflected in the document as "estimated" fees.

19.     The allegations in paragraph 19 of the Complaint merely characterize Amendment to SOW #5, to which no response is required. That document speaks for itself, and Twitter refers to that document for a complete description of its content. Twitter denies those allegations in paragraph 19 to the extent they do not fully and accurately reflect the same.

20.     Twitter admits that Amendment to SOW #5 provides that "[p]ayments are due net 45 days from invoice date." SOW #5 further provides that the US Business Analyst rate is premised on Point B assigning someone who is required to have "high business IQ and deep understanding of both business and technical requirements. … Other resources who may be assigned to these Services who do not meet the necessary qualification, experience and skill requirements (as determined solely in Twitter's discretion) will be discussed between both parties, and if accepted by Twitter, may be subject to a lesser monthly fixed rate." The allegations in paragraph 20 of the Complaint merely characterize SOW #5 and Amendment to SOW #5, to which no response is required. Those documents speak for themselves.

21.     Twitter lacks information or belief sufficient to answer the allegations in paragraph 21 of the Complaint, and, on that basis, denies them.

22.     Twitter lacks information or belief sufficient to answer the allegations in paragraph 22 of the Complaint, and, on that basis, denies them.

23.     Twitter denies the allegations in paragraph 23 of the Complaint.

24.     Twitter lacks information or belief sufficient to answer the allegations in paragraph 23 of the Complaint, and, on that basis, denies them.

//

//

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

25. Twitter incorporates by reference its responses to paragraphs 1-24.

26. Twitter admits that it engaged Point B pursuant to the terms set forth in the MSA, SOW #5, and Amendment to SOW #5, and the description of services contemplated thereunder. No response to those allegations is required, as those documents speak for themselves and Twitter refers to those documents for a complete description of their contents. Twitter denies those allegations in paragraph 26 to the extent they do not fully and accurately reflect the same.

27. Twitter admits that it engaged Point B pursuant to the terms set forth in the MSA, SOW #5, and Amendment to SOW #5, and the description of services contemplated thereunder. No response to those allegations is required, as those documents speak for themselves and Twitter refers to those documents for a complete description of their contents. Twitter denies those allegations in paragraph 27 to the extent they do not fully and accurately reflect the same.

28. Twitter lacks information or belief sufficient to answer the allegations in paragraph 28 of the Complaint, and, on that basis, denies them.

29. Twitter denies the allegations in paragraph 29 of the Complaint.

30. Twitter lacks information or belief sufficient to answer the allegations in paragraph 30 of the Complaint, and, on that basis, denies them.

31. Twitter denies the allegations in paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

### (Account Stated)

32. Twitter incorporates by reference its responses to paragraphs 1-31.

33. Twitter denies the allegations in paragraph 33 of the Complaint.

34. Twitter lacks information or belief sufficient to answer the allegations in paragraph 34 of the Complaint, and, on that basis, denies them.

1     35.    Twitter lacks information or belief sufficient to answer the allegations in paragraph 35 of the Complaint, and, on that basis, denies them.

    36.    Twitter denies the allegations in paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

Twitter alleges the following separate and additional defenses and objections. By pleading these objections, Twitter does not, in any way, agree or concede it has the burden of proof or persuasion on any of these issues. Twitter reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint fails to allege facts sufficient to state a claim against Twitter.

### SECOND AFFIRMATIVE DEFENSE
**(Performance)**

Twitter has performed and satisfied each and every obligation imposed on it, if any, by agreement and by law.

### THIRD AFFIRMATIVE DEFENSE
**(Good Faith)**

Twitter acted at all times in good faith with respect to all contract action regarding Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
**(Breach of Contract)**

Plaintiff breached the operative written agreement it entered into with Twitter and, as such, Twitter is excused from performing all of its obligations set forth in that contract and Plaintiff is barred from obtaining any relief under it.

### FIFTH AFFIRMATIVE DEFENSE
**(No Legal / Contractual Violations By Twitter)**

Twitter did not violate any express, implied and/or ostensible duties, obligations,

1  and/or responsibilities owing to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is barred by the doctrine of unclean hands from asserting the claim in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate its alleged damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Contributing Act)**

Plaintiff has suffered no damage or injury as a direct or proximate result of Twitter's actions alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Frustration of Purpose)**

The Complaint and each purported cause of action therein is barred because of the doctrine of frustration of purpose.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Impracticability)**

Twitter's alleged duties as claimed in the Complaint, if any so existed, have been excused in that the performance of said obligation(s) is and has been made impractical.

**PRAYER FOR RELIEF**

WHEREFORE, Twitter prays for judgment as follows:

A. Plaintiff take nothing by the Complaint, and the court enters judgment against plaintiff and in favor of Twitter;

B. The court awards Twitter its costs of suit; and

C. Such other and further relief as this court deems just and proper.

Dated: July 28, 2023                                         WHITE & CASE LLP


By:   /s/ J. Jonathan Hawk
            J. Jonathan Hawk

Attorneys for X CORP., as successor in interest to named Defendant Twitter, Inc.