TYLER R. DOWDALL, State Bar No. 258950
tdowdall@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

*Attorneys for Plaintiff Point B, Inc.*

J. JONATHAN HAWK, State Bar No. 254350
jhawk@whitecase.com
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

*Attorneys for X CORP., as successor in interest to named Defendant Twitter. Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POINT B, INC, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., and Does 1 – 20, inclusive, <br><br> Defendants. | CASE NO. 3:23-cv-02934-TSH <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date: Thursday, September 14, 2023 <br> Time: 10:00 a.m. <br> Location: San Francisco Courthouse <br> Courtroom E -15th Fl <br> 450 Golden Gate Avenue <br> San Francisco, California 94102 <br><br> *Honorable Magistrate Judge Thomas S. Hixson* |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Court's June 14, 2023 Order Setting Scheduling Conference for September 14, 2023 at 10:00 a.m., Courtroom E (ECF No. 5), Plaintiff Point B, Inc. ("Plaintiff") and X Corp., as successor in interest to named Defendant Twitter, Inc. ("X Corp." or the "Defendant") jointly submit this report, and its Proposed Schedule of Pretrial and Trial Dates as follows:

## 1. JURISDICTION AND SERVICE

### A. Jurisdiction

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a), as this case involves an amount at issue greater than seventy-five thousand dollars ($75,000) and complete diversity exists between the parties.

Venue is proper in this Court because the acts alleged in this Complaint occurred in San Francisco, X Corp. resides and does business in San Francisco, the underlying contract contains a venue provision for any action to be brought within the Northern District of California, and maintenance of this action does not offend traditional notions of fair play and substantial justice.

### B. Service

On June 16, 2023, the Summons and Complaint in this action was served on X Corp.'s registered agent for service of process. (ECF 7.) X Corp. timely answered on July 28, 2023 (ECF 11).

## 2. FACTS

### A. Plaintiff's Statement

On or about April 8, 2019, Point B and Twitter executed a Master Services Agreement ("MSA"), under the terms of which Point B agreed to provide various services to Twitter as outlined in statement of work agreements. The parties executed a number of statements of work, including a fifth Statement of Work ("SOW") agreement, effective June 15, 2021. 15. The SOW was effective June 15,

2021, and the services period was set from June 21, 2021, through May 31, 2022, but was subsequently extended through December 31, 2022.

Pursuant to the SOW, Point B agreed to provide business systems analysts in the U.S. and India to work on various initiatives for Twitter with respect to its work from home policy, including: (1) writing business problem statements; (2) translating requirements between business and engineering teams; (3) working to define technical specs from business requirements; and (4) validating that technical development addresses business needs and satisfies requirements.

Under the SOW, Twitter was invoiced for Point B's services in accordance with a predetermined payment schedule. Fees for the Business Systems Analysts in San Francisco incurred an estimated fee of $336,000 for a span of twelve (12) months. The Business Systems Analyst Team in India incurred an approximate fee of $138,950 for a twelve (12) month period.

Between May 31, 2022 and December 31, 2022, invoices were remitted to Defendant in the amount of $190,342.50, all of which was unpaid.

### B. Defendant's Statement

X Corp. entered into the MSA and SOW with Point B. The SOW provides, in part, that the rate for a US Business Analyst of $28,000 per month is premised on the analyst having "high business IQ and deep understanding of both business and technical requirements," and "at least seven (7) years related professional experience." The MSA and SOW further obligated Point B to provide an India Business Systems Analyst Team, at a rate of $20,842.50 per month.

X Corp. is undertaking an internal investigation regarding the allegations in Point B's Complaint but, due to personnel turnover at X Corp. before Point B served its Complaint, has been unable to confirm whether Point B properly and fully discharged its contractual obligations, including providing the required service levels and a business analyst with the required qualifications, pursuant to the MSA and SOW. Nonetheless, X Corp. suspects that Point B was not providing service

levels commensurate with the rates charged.

X Corp.'s investigation is ongoing.

## 3. LEGAL ISSUES

### A. <u>Plaintiff's Statement</u>

Whether the parties entered into a binding and enforceable contract and, if so, how much is due to Plaintiff.

### B. <u>Defendant's Statement</u>

Whether Plaintiff fully performed its obligations under the MSA and SOW such that it is entitled to any of the amounts prayed for in its Complaint.

## 4. MOTIONS

### A. <u>Plaintiff Anticipates the Following Motions</u>:

Motion for Summary Adjudication and/or Summary Judgment.

### B. <u>Defendant anticipates filing the following motions:</u>

Motion for Summary Adjudication and/or Summary Judgment.

## 5. AMENDMENT OF PLEADINGS

### A. <u>Plaintiff's Statement</u>

No amendments are anticipated at this time.

### B. <u>Defendant's Statement</u>

No amendments are anticipated at this time.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of ESI, and have met and conferred regarding reasonable and appropriate steps to preserve ESI.

### A. <u>Plaintiff's Statement</u>

Due to a change in control, the former-Twitter employees that Plaintiff dealt with have all ceased employment with Defendant. There is a concern that, due to

the loss of employees, certain data, emails, documents, and other information and materials may have been lost.

### B. Defendant's Statement

X Corp. has and continues to satisfy its legal obligations to take reasonable measures to ensure the retention of materials potentially relevant to this litigation, including by implementing a legal hold.

## 7. DISCLOSURES

### A. Plaintiff's Statement

Plaintiff anticipates providing its Initial Disclosures prior to the Rule 26f conference in furtherance of advancing discovery and enabling Defendant time and opportunity to evaluate the nature and extent of Plaintiff's claims so that early resolution may be discussed.

### B. Defendant's Statement

X Corp. anticipates providing its Initial Disclosures prior to the Scheduling Conference on September 14, 2023.

## 8. DISCOVERY

The parties agree to phased fact and expert discovery. No discovery has taken place at this time.

### A. Limitations

The parties agree that written discovery in this action shall be governed by the limits imposed by the Federal Rules of Civil Procedure.

The Parties agree proposes that:

    a. Fact depositions will be taken by remote videoconference unless otherwise agreed to by the parties and will be limited in number to 5 per side with a limit of seven (7) hours per deposition.

    b. Request for Admissions limited to 50 per party. Requests for Admission regarding the authenticity of documents shall not count against this limit.

Plaintiff and X Corp. identify and anticipate taking document and testimonial discovery on at least the following issues:

      a) Execution and performance of the terms of the MSA and SOW;

      b) Invoicing and payment history; and

      c) Termination of the MSA and SOW.

### B. Expert Discovery

#### i. Plaintiff's Statement

Plaintiff does not anticipate that expert witnesses will be required.

#### ii. Defendant's Statement

X Corp. anticipates requiring expert witnesses regarding commercially standard service levels under an agreement such as the MSA and SOW.

## 9. CLASS ACTIONS

This matter is not a class action.

## 10. RELATED CASES

None.

## 11. RELIEF

### A. Plaintiff's Position:

Plaintiff seeks monetary relief only. Invoices were remitted to Twitter and though some were paid, $190,342.50 was unpaid, and remains unpaid. Specifically,

6
*JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER*
Case No. 3:23-cv-02934-TSH
090321\4\170351054.v1

invoices were remitted as follows:

| Invoice Date | Invoice Amount |
|---|---|
| May 31, 2022 | $50,342.50 |
| Aug. 31, 2022 | $28,000.00 |
| Sep. 30, 2022 | $28,000.00 |
| Oct. 31, 2022 | $28,000.00 |
| Nov. 30, 2022 | $28,000.00 |
| Dec. 31, 2022 | $28,000.00 |

### B. Defendant's Position:

X Corp.'s internal investigation is ongoing and expects to challenge the amounts prayed for on the Complaint, on the basis that the service levels provided were not commensurate with those required under the MSA and SOW, particularly in light of the rates to be charged.

## 12. SETTLEMENT AND ADR

The Parties have commenced preliminary settlement negotiations, but such conversations and believe it will be productive and efficient to first work directly with each other in efforts to resolve, before reverting to more formal ADR mechanisms.

## 13. OTHER REFERENCES

This case is not suitable for reference.

## 14. NARROWING OF ISSUES

The key issues are whether the MSA and SOW were properly executed and performed, whether Plaintiff fully performed its contractual obligations under the MSA and SOW, and whether Plaintiff is due any of the amounts prayed for in the

Complaint.

## 15. EXPEDITED TRIAL PROCEDURE

The Parties have not agreed to an expedited trial procedure.

## 16. SCHEDULING

Fact Discovery Cut Off: April 15, 2024

Expert Disclosure (Initial): June 14, 2024

Expert Disclosure (Rebuttal): July 1, 2024

Expert Discovery Cut Off: July 19, 2024

Dispositive Motion: August 30, 2024

Pre-trial conference: September 16, 2024

Trial: September 23, 2024

## 17. TRIAL ESTIMATE

The Parties agree this matter will take two (2) days to try before a jury, pursuant to the Court's general practice.

**Trial Counsel for Plaintiff Point B, Inc.**

Tyler R. Dowdall (Bar No. 258950)
tdowdall@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

**Trial Counsel for X Corp.**

J. JONATHAN HAWK, State Bar No. 254350
jhawk@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

## 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All Parties have filed the Certification of Interested Entities or Persons. The

Parties disclose that the following have an interest in this litigation:

    1.     Point B, Inc. – Plaintiff, financial interest;

    2.     X Corp., successor in interest to named Defendant Twitter, Inc. – Defendant, financial interest; and

    3.     X Holdings Corp. – X Corp.'s parent company.

**19. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER**

Not applicable.

DATED: September 6, 2023     Respectfully submitted,

By:     */s/ Tyler R. Dowdall*
TYLER R. DOWDALL (SBN 258950)
tdowdall@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
2029 Century Park E, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
*Attorneys for Plaintiff Point B, Inc.*

DATED: September 6, 2023     By:

*/s/ J. Jonathan Hawk*
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

*Attorneys for X CORP., as successor in interest to named Defendant Twitter, Inc.*

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(1)(2)

I, Tyler R. Dowdall, am the ECF User whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER. In compliance with Local Rule 5-1(i)(1)(2), I hereby attest that all signatories have concurred in this filing.

DATED: September 6, 2023

By: _/s/ Tyler R. Dowdall_
TYLER R. DOWDALL (SBN 258950)

10
*JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER*
Case No. 3:23-cv-02934-TSH
090321\4\170351054.v1

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2023, I electronically filed the above document(s) and attachments with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Date: September 6, 2023

*/s/ Tyler R. Dowdall*
Tyler R. Dowdall